Julia Guerin
vs.                 } No. 73266.
Cyrille Mongeon

### May 8, 1928.

SUMNER, J. Plaintiff brought suit to recover damages for injuries claimed to be due to the negligence of the son of the defendant, who was driving an automobile belonging to his father. The jury returned a verdict for the plaintiff in the sum of $3,500 and the defendant has filed his motion for a new trial on the usual grounds.

As the plaintiff was riding in the automobile of a friend on Clinton Street in Woonsocket, Norman Mongeon, son of the defendant, 16 years old, driving an automobile containing some groceries, attempted to turn his car on a wet street, skidded, ran into the car in which the plaintiff was riding and seriously injured her.

The Court is satisfied that the son of the defendant was guilty of negligence in driving the car at a rate of speed so great that he could not safely turn around the curve. The question of agency is perhaps not so clear. The son was in his butcher's frock; he had two or more packages of groceries in the car, and one of the witnesses said he told him that he was in a hurry to deliver the order and had to be back right away. He testified that he had delivered three or four orders with the car on previous occasions and his father admitted that he knew he had used the car for that purpose but said he had directed him not to. The son testified that on this occasion he was not delivering orders but at the request of a friend was carrying him to his destination and was some distance off the route that he would take with his deliveries.

There was evidence from which the jury might fairly find that the son was the agent of the father on this occasion.

The amount of the damages seems large. The plaintiff's collar-bone was broken. She had a bad cut under her right eye, which has left a permanent scar, and she was also cut on the back of her head and had two fingernails torn off of her left hand. The doctor said she suffered excruciating pain for several days and what he described as severe pain while the arm was being mobilized. Her right arm was strapped up for five or six weeks. She suffered some sleepless nights and at the time of the trial, six months after the accident, said that her elbow still pained

her and she was unable to completely close her right hand. Except for the disfigurement of her face, there is no allegation for permanent injury. She testified that she was not able to work for ten weeks and the doctor said she was incapacitated six to eight weeks. She was the housekeeper, the mother of four children, and one child died while she was still incapacitated.

The Court realizes the difficulty of assessing damages for pain and suffering and for the disfigurement of a comely woman, apparently in the thirties. The latter question is especially perplexing. It must be considered that the woman is married and living with her husband and not so dependent upon her physical charms as if she were engaged in some public occupation or appearing upon the stage. There was a doctor's bill of $150, which may properly be included in plaintiff's claim. The doctor testified that the plaintiff said she would take care of his bill, that he charged it to her, and she testified in confirmation.

The Court thinks that $2,500 would be a fair award under the circumstances, and accordingly grants the motion of the defendant for a new trial unless the plaintiff shall, in writing, within three days from the filing of of this rescript, remit all of the verdict in excess of $2,500.

For plaintiff: John R. Higgins.

For defendant: Raphael L. Daignault.